UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BOOKIT.COM, INC.,<br>a Florida corporation<br><br>Plaintiff,<br><br>      vs.<br><br>USA BOOK IT, LLC a/k/a<br>FREE HOLIDAYS LLC a/k/a<br>FREE HOLIDAY ONLINE, LLC,<br>a Nevada limited liability company and<br>RICHARD FRANKEN, an individual<br><br><br>Defendants. | Case No. |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff BookIt.com, Inc. ("Plaintiff" or "BookIt.com"), a Florida corporation, sues Defendants, USA Book It, LLC, a/k/a Free Holidays, LLC, a/k/a Free Holiday Online, LLC, a Nevada limited liability company ("USA Book It, LLC"), and Mr. Richard Franken, an individual (each individually, a "Defendant," and collectively, "Defendants"), and avers as follows:

## NATURE OF THE ACTION

1.      For more than six years, Plaintiff, BookIt.com has advertised, promoted and sold its online travel related services under the service mark, trade name and domain name "BOOKIT.COM®" (collectively, the "BOOKIT.COM Mark").  Plaintiff has consistently spent tens of millions of dollars annually to advertise and promote its core brand via television, radio, print and Internet media with the effect that the consuming public and the trade exclusively associate the BOOKIT.COM Mark with Plaintiff.

2.      In a blatant effort to capitalize on the goodwill and reputation of BookIt.com, Defendants have recently acquired nineteen (19) infringing domain names incorporating the BOOKIT.COM Mark in its entirety and have begun actively operating three such domains as websites to advertise and sell services which are competitive with Plaintiff's business.

3.      To put an end to Defendants' infringing and wrongful conduct, Plaintiff seeks injunctive, monetary and other relief against Defendants based on Plaintiff's claims for infringement of its federally-registered service mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a); cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C § 1125(d); and unfair competition and trademark infringement under Florida common law.  Plaintiff now sues for damages and injunctive relief in order to protect its valuable intellectual property rights and the goodwill associated with the BOOKIT.COM Mark, and to prevent Defendants' further willful and intentional violation of those rights.

## PARTIES

4.      Plaintiff is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 14251 Panama City Beach Parkway, Panama City Beach, FL, US 32413.  Plaintiff is an online travel company specializing in the coordination of resort, hotel, airline, cruise line and car rental travel arrangements and related services.

5.      Defendant USA Book It, LLC is organized under the laws of Nevada, with a registered agent in the State of Florida (NRAI Services, Inc. located at 2731 Executive Park Drive, Suite 4, Weston, Florida 33331).  (Ex. 1, USA Book It, LLC Florida Foreign Limited Liability Company Filing).  USA Book It, LLC advertises itself as a travel service provider registered in the State of Florida, with Florida Seller of Travel License No. ST 37788.

(Composite Ex. 2, Printout from www.usabookit.com).  USA Book It, LLC advertises that it has a place of business at 20533 Biscayne Boulevard 641, Aventura, Florida 33180 (hereinafter, "USA Book It, LLC's Florida office").  (See Ex. 2).

6.     Defendant USA Book It, LLC was originally organized as a limited liability company under the laws of Nevada on or about February 2, 2009, under the name Free Holidays LLC. (Composite Ex. 3, Application by Free Holidays, LLC, a Nevada Foreign Limited Liability Company for Authorization to Transact Business in Florida).  Subsequently, on or about March 4, 2010, Defendant Free Holidays LLC filed an "Application By Foreign Limited Liability Company For Authorization To Transact Business In Florida."  (See Ex. 3).  Over approximately the past six weeks, Free Holidays LLC has changed its name to USA Book It, LLC in both Nevada (on or about September 15, 2010) and in the State of Florida (on or about October 5, 2010)(Composite Ex. 4, Name Change Amendment to Articles of Organization for Free Holidays, LLC filed with the Florida Secretary of State).  Free Holidays LLC continues to advertise that it conducts business out of USA Book It, LLC's Florida office located at 20533 Biscayne Boulevard 641, Aventura, Florida 33180.   (Ex. 5, Printout from www.resortbookit.com).

7.     Upon information and belief, Defendant USA Book It, LLC still conducts business under the name of Free Holiday Online, LLC.  (Ex. 6, WHOIS Records for the domain name usabookit.com).  These different corporate names appear to identify a single business now operating out of USA Book It, LLC's Florida office located at 20533 Biscayne Boulevard 641, Aventura, Florida 33180.  (See Ex. 6).

8.     Upon information and belief, Defendant Mr. Richard Franken is USA Book It, LLC's sole managing member (Ex. 1, USA Book It, LLC Florida Foreign Limited Liability

Company Filing), and Free Holiday Online, LLC's only so-called "administrative contact" and "technical contact."   (Ex. 6, WHOIS Records for the domain name usabookit.com). The www.usabookit.com domain registration information indicates that Mr. Franken conducts business out of USA Book It, LLC's Florida office located at 20533 Biscayne Boulevard 641, Aventura, Florida 33180.  (See Ex. 6).  The State of Florida's publicly available information indicates that Mr. Franken has or previously had a mailing address of 711 South Carson Street, #4, Carson City, Nevada  89701.  (Ex. 1, USA Book It, LLC Florida Foreign Limited Liability Company Filing).

## JURISDICTION AND VENUE

9.      This action arises under Sections 1114, 1125(a) and 1125(d) of the Trademark Act (commonly known as the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*, and the common law of Florida.  This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

10.     Jurisdiction over the Florida common law count is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and the state cause of action.  This Court has jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state law claim that is joined with the federal claims.  Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

11.     Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because:  Defendant USA Book It, LLC (a) is a limited liability company residing and having a place of business in the State of Florida and in this judicial district at 20533 Biscayne

Boulevard 641, Aventura, Florida 33180; (b) has a registered agent in the State of Florida and in this judicial district; (c) advertises that it is a travel service provider licensed by the State of Florida; (d) is transacting business in this judicial district; (e) operates numerous interactive websites accessible in this judicial district that are directed to customers in or traveling to South Florida; and (f) has committed, *inter alia*, acts of infringement and unfair competition in the State of Florida and in this judicial district, and this Complaint arises out of those activities.

12.     Upon information and belief, Defendant Richard Franken is actively engaged in the operation, management, and ownership of Defendant USA Book It, LLC. (Exs. 1, 3-4, 6, & 7). Upon information and belief, Mr. Franken conducts business out of USA Book It, LLC's Florida office located at 20533 Biscayne Boulevard 641, Aventura, Florida 33180. (Ex. 6, WHOIS Records for the Domain Name usabookit.com). Upon information and belief, Defendant, Mr. Franken also maintains a residence in this judicial district at 3530 Mystic Pointe Drive, Apt. 2014, Aventura, Florida 33180.

## BACKGROUND AND GENERAL ALLEGATIONS

### A.     History and Development of Plaintiff BookIt.com, Inc.

13.     Plaintiff BookIt.com is an online travel company and an industry leader providing travelers with an intuitive online travel arrangement experience. Based in Florida, with worldwide presence, Plaintiff offers a full range of travel and accommodation services, including facilitation and arrangement of vacation packages, air travel, hotel reservations, car rentals and cruises for a broad selection of destinations, both domestic and international. (Ex. 8, Printout of the BookIt.com website). Since as early as April, 2004, Plaintiff has provided its customers and potential customers with its unique online travel arrangement services and searches for travel deals.

14.     Plaintiff's former legal name was Reservationsystem.com, Inc., but it has operated under the BookIt.com trade name and has been known by its customers as BookIt.com since 2004, shortly after it acquired the domain name www.bookit.com.    In fact, Reservationsystem.com, Inc. registered BookIt.com as a fictitious name in 2004 and legally changed its name to BookIt.com, Inc. in 2007.   (Exs. 9 & 10, Florida Secretary of State printouts).

15.     Plaintiff has offered, promoted and advertised its services on its website at the www.bookit.com domain under the BOOKIT.COM Mark since at least as early as 2004.  A copy of exemplary pages from Plaintiff's current website at www.bookit.com is provided as Exhibit 11.    Exemplary pages from the Wayback Machine website (located at www.internetarchive.org) depicting versions of Plaintiff's website in 2004 and 2005 are provided as Exhibit 12.  From its inception, Plaintiff's website has always prominently featured the BOOKIT.COM Mark in the specialized font shown on Exhibit 11 hereto.

16.     Accordingly, Plaintiff has used "BOOKIT.COM" as its service mark and trade name in connection with its products and services in the travel industry for more than six years.

17.     Plaintiff is particularly well known for providing its services of arranging and coordinating travel arrangements for those traveling to various resorts, all-inclusive as well as other types, located in different geographical locations, including those located in the United States.  The www.bookit.com website offers hotel and resort specials for travelers to various destinations in the U.S., Mexico, Central America, and the Caribbean, and has developed extensive relationships with companies so that it can provide unique offers for travelers to various resorts in these locations.  (Ex. 13, Printout of the BookIt.com website showing hotel and resort specials).  By virtue of six years of widespread continuous use of the BOOKIT.COM

Mark, including substantial advertising efforts related thereto, the BOOKIT.COM Mark is known among the trade and consumers as identifying Plaintiff and its travel related services.

**B.    Ownership of the BookIt.com Service Mark**

18.    Since as early as April 2004, Plaintiff BookIt.com has spent considerable sums of money promoting the BOOKIT.COM mark and cultivating goodwill for its business.  On an annual basis, Plaintiff spends tens of millions of dollars to advertise and promote its service mark in television, radio, print, Internet and other media.  Its efforts have been met with incredible success and it completes hundreds of thousands of online travel arrangements/transactions for customers annually.  As a result, the BOOKIT.COM Mark is exclusively associated with Plaintiff and its services.

19.    Plaintiff owns U.S. Federal Service Mark Registration No. 3,110,875 for the BOOKIT.COM Mark on the Principal Register issued on July 4, 2006 for its travel-related services.  The U.S. Trademark Office thereafter issued a second federal registration for the BOOKIT.COM Mark to Plaintiff, United States Registration No. 3,704,196, for travel-related services, thereby confirming Plaintiff's exclusive rights to the BOOKIT.COM Mark in the United States.  (Composite Ex. 14, Copies of US Reg. Nos. 3,110,875 and 3,704,196).  These registrations are in full force and effect, and are valid and subsisting.

20.    Since its adoption, Plaintiff has continuously used the BOOKIT.COM Mark in commerce without interruption.

21.    Plaintiff's BOOKIT.COM Mark is inherently distinctive.

**C.**   **Defendants' Unauthorized Use of the BOOKIT.COM Mark and Infringing Activities**

   **i.**   **Improper Registration of Domain Names Incorporating the BOOKIT.COM Mark**

22.   Defendants have engaged in what appears to be a systematic and deliberate plan to pirate Plaintiff's intellectual property rights by registering confusingly similar domain names and using confusingly similar marks that are insignificant variations of Plaintiff's BOOKIT.COM mark and domain name, and then employing those domain names to host websites which provide competitive services.  To date, nineteen (19) such infringing domains have been registered by Defendants.

23.   Specifically, upon information and belief, Defendant, USA Book It, LLC registered the domain name www.resortbookit.com on or about April 2, 2010.  The website at www.resortbookit.com: (1) is currently a fully functional interactive website; (2) names USA Book It, LLC as a travel service provider registered in the State of Florida; and (3) lists its contact information as:  USA Book It, LLC, 20533 Biscayne Blvd. 641, Aventura, FL 33180. (Ex. 5, Printout from www.resortbookit.com).

24.   Upon information and belief, Defendant USA Book It, LLC registered the following domain names on or about July 26, 2010: usabookit.com; holidaybookit.com; and condobookit.com.  The websites at www.usabookit.com and www.holidaybookit.com: (1) are currently fully functional interactive websites; (2) name USA Book It, LLC as a travel service provider registered in the State of Florida; and (3) list their contact information as:  USA Book It, LLC, 20533 Biscayne Boulevard 641, Aventura, Florida 33180.   (Exs. 2 and 15).   The www.usabookit.com homepage further lists www.holidaybookit.com and www.resortbookit.com as partner websites.  (Composite Ex. 2, Printout from www.usabookit.com).

25.    Upon information and belief, Defendant USA Book It, LLC registered the flightbookit.com domain name on or about August 3, 2010.

26.    Upon information and belief, Defendant USA Book It, LLC registered the usbookit.com domain name on or about September 9, 2010.

27.    Upon information and belief, Defendant USA Book It, LLC registered the following domain names on or about September 10, 2010: eubookit.com; eurobookit.com; and europebookit.com.

28.    Upon information and belief, Defendant USA Book It, LLC registered the following domain names on or about September 17, 2010: asiabookit.com; bookitresort.com; carrentalbookit.com;    chinabookit.com;    cruiselinebookit.com;    cruisesbookit.com; hotelroombookit.com; roombookit.com; and searchbookit.com.

29.    Upon information and belief, Defendant USA Book It, LLC registered the carnivalbookit.com domain name on or about September 28, 2010.

30.    Defendant USA Book It, LLC actively markets and sells its products and services on the www.usabookit.com (Composite Ex. 2, Printout from www.usabookit.com), www.resortbookit.com (Ex. 5, Printout from www.resortbookit.com), and www.holiday.com (Ex. 15, Printout of the holidaybookit.com website) websites.

31.    In addition to the common law rights that Plaintiff BookIt.com has acquired over six years of continuous and exclusive use of its BookIt.com service mark and trade name, as noted above, Plaintiff has federally registered its service mark.   Plaintiff owns U.S. Service Mark Registration No. 3,110,875 for the BOOKIT.COM Mark for use in connection with "providing online arrangements for travelers, namely, hotel reservations" in International Class 43, issued on July 4, 2006.  (Composite Ex. 14, Copies of US Reg. Nos. 3,110,875 and

3,704,196).  Plaintiff owns U.S. Service Mark Registration No. 3,704,196 for the BOOKIT.COM Mark for use in connection with "arranging and coordinating travel arrangements for individuals and groups, namely, destination stays, honeymoons, family vacations, and destination weddings; arranging travel tours; booking of seats for travel; coordinating travel arrangements for individuals and for groups; organisation of travel; organization of excursions, sightseeing tours, holidays, tours and travel; rental car reservation; reservation and booking of seats for travel; travel agency services, namely, making reservations and bookings for transportation; travel and tour ticket reservation service; travel booking agencies; travel planning for individuals, families, and groups for special occasions such as destination weddings and honeymoons; travel, excursion and cruise arrangement."   Plaintiff also owns the domain name www.bookit.com, which it acquired in 2004.

### ii.    Unlawful Activities of Defendants

32.    Defendants have infringed upon Plaintiff's BOOKIT.COM Mark, unfairly competed, misrepresented the origin of their products and services, diminished the goodwill associated with Plaintiff's service mark and trade name, and cypersquatted through the use of the marks USAbookit.com (Composite Ex. 2, Printout from www.usabookit.com), Resortbookit.com (Ex. 5, Printout from www.resortbookit.com), and Holidaybookit.com (Ex. 15, Printout of the holidaybookit.com website), among others, and through their use of associated domain names and websites (Exs. 2, 5, & 15).  Defendants have even gone so far as to copy the font style and original typeface designed and used by Plaintiff for its "BOOKIT.COM" mark as excerpted on the following page.

| Plaintiff's Logo | Defendant's Logo |
|---|---|
|  | |

33.     Defendants' marks, names, and domain names incorporate the BOOKIT.COM Mark and are confusingly similar to Plaintiff's protected mark.   Moreover, Defendants' infringing conduct involves the sale of competitive travel coordination and arrangement services. Such conduct derogates and diminishes Plaintiff's goodwill and reputation, particularly where Defendants' site indicates that its travel services come with a "catch."   As shown in composite exhibit 3, Defendant USA Book It, LLC is engaged in the business of time share marketing. Moreover, Defendants' website states as follows, "As a part of your fabulous getaway you are required to attend 90-120 minute resort preview.   During the preview you are introduced to a featured property, all the fabulous amenities it offers and the benefits of the vacation ownership program."   Such tactics employed by Defendants are likely to create a negative impression for Plaintiff's customers or potential customers.

34.     Defendants' usabookit.com, resortbookit.com, and holidaybookit.com domain names swallow whole Plaintiff's service mark and trade name BookIt.com and its domain name bookit.com without adding any distinguishing terms.   For instance, usa*bookit.com* takes Plaintiff's domain name and merely adds a geographic designation, for which Plaintiff's services are known to serve.   As such, it is intuitive that Defendants' use of Plaintiff's core brand BOOKIT.COM with the mere addition of a geographic travel destination for which Plaintiff is known to serve is likely to cause confusion among the trade and consumers.

35.     The infringement is made even more egregious by the Defendants' fraudulent and misleading use of the ® symbol.   A search of USPTO records and Florida Secretary of State

records did not reveal any trademark application or registration filed in the name of any of the Defendants' for any mark incorporating bookit.com. Thus, the improper and misleading use of the registration symbol, is likely an attempt to create a further association with Plaintiff, the true owner of the BOOKIT.COM Mark, and its services.

36.     Upon information and belief, due to the similarity between Defendants' marks, names, and domain names and the BOOKIT.COM Mark, Defendants' deliberately chose their marks, names, and domain names with an intent to divert online traffic and  to confuse and deceive Plaintiff's customers and potential customers.

37.     Upon information and belief, the purposeful incorporation of the BOOKIT.COM Mark into Defendants' marks, names, and domain names was initiated with the purpose of misleading Internet users into believing that the www.usabookit.com, www.resortbookit.com, and www.holidaybookit.com websites are authorized divisions of, or related to, Plaintiff BookIt.com. Such confusion is particularly enhanced where Plaintiff is known for its deals on resorts and all-inclusive vacation getaways.

38.     Defendants' illegal conduct is not limited to the pirating and use of confusingly similar and infringing domains to sell travel-related services. Defendants are now aggressively engaged in a conspiracy to siphon away Plaintiff's customers by launching keyword advertising campaigns with search engines which target Plaintiff's federally registered service marks. By way of example, upon information and belief, Defendants have purchased from the Google search engine the Adword or term "BOOKIT.COM" such that when a user types in "BOOKIT.COM" within the search field, Defendants' paid advertisement for www.resortbookit.com appears on the right hand side of the screen next to the search results. To add insult to injury, the advertisement uses the wording "official site," giving the mistaken

impression that it is the official site for BookIt.com.  (Ex. 16, Screenshot of Google search for "bookit.com" and Sponsored Link for Resortbookit.com).

39.     BookIt.com has retained the undersigned law firm to represent it in this action and is obligated to pay the firm its reasonable attorneys' and paralegals' fees, expenses, and costs incurred in this action.

## COUNT I

### SERVICE MARK INFRINGEMENT UNDER 15 U.S.C. § 1114, SECTION 32 OF THE LANHAM ACT

40.     Plaintiff BookIt.com restates paragraphs 1 through 39 and further avers:

41.     Plaintiff's BOOKIT.COM Mark is entitled to protection under Section 32 of the Lanham Act.

42.     Plaintiff is the owner of U.S. Service Mark Registration No. 3,110,875, registered July 4, 2006, for "providing online arrangements for travelers, namely, hotel reservations" in Class 43.  Plaintiff is also the owner of U.S. Service Mark Registration No. 3,704,196 for use in connection with "arranging and coordinating travel arrangements for individuals and groups, namely, destination stays, honeymoons, family vacations, and destination weddings; arranging travel tours; booking of seats for travel; coordinating travel arrangements for individuals and for groups; organisation of travel; organization of excursions, sightseeing tours, holidays, tours and travel; rental car reservation; reservation and booking of seats for travel; travel agency services, namely, making reservations and bookings for transportation; travel and tour ticket reservation service; travel booking agencies; travel planning for individuals, families, and groups for special occasions such as destination weddings and honeymoons; travel, excursion and cruise arrangement" in Class 43.  These registrations are now valid, subsisting and in full force and effect.

43.     Continuously since on or about April 13, 2004, Plaintiff has used the BOOKIT.COM Mark in connection with and to identify its services and to distinguish said services from similar services offered by other companies, by, and without limitation, prominently displaying said service mark on its Internet website and advertising and promotional materials distributed throughout the United States.   Plaintiff's services sold under the BOOKIT.COM Mark and brand name are provided nationwide, including in the State of Florida.

44.     Defendants have infringed Plaintiff's service mark in interstate commerce by various acts, including, without limitation: (1) selling, offering for sale, promoting and advertising services under the marks and at the domains usabookit.com, resortbookit.com, and Holidaybookit.com of a type virtually identical to the type of services offered by Plaintiff; and (2) registration of the domain names usabookit.com, resortbookit.com, and holidaybookit.com, and the operation of the corresponding Internet websites, prominently displaying, advertising, and promoting Internet hotel reservation services under the USAbookit.com, Resortbookit.com, and Holidaybookit.com marks.

45.     Defendants'   use   of   the   USAbookit.com,   Resortbookit.com,   and Holidaybookit.com marks in connection with hotel reservation services is without permission or authority of Plaintiff and said use is likely to cause confusion, to cause mistake, and/or to deceive the consuming public to Plaintiff's detriment in violation of the Lanham Act.

46.     Defendants'   use   of   the   marks   and   domain   names   USAbookit.com, Resortbookit.com, and Holidaybookit.com in connection with hotel reservation services has been made notwithstanding Plaintiff's prior established rights in the BOOKIT.COM Mark and with constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

47.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, monetary injury and other damage to Plaintiff's business, its reputation and the goodwill associated with its federally registered service mark.

48.     Plaintiff has no adequate remedy at law and unless these acts are restrained and enjoined by this Court, Defendants will continue infringement of the BOOKIT.COM Mark and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

49.     Defendants' actions amount to "exceptional" conduct warranting imposition of an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a)(3).

**COUNT II**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
UNDER 15 U.S.C. § 1125, SECTION 43(a) OF THE LANHAM ACT**

50.     Plaintiff BookIt.com restates paragraphs 1 through 39 and further avers:

51.     Plaintiff's BOOKIT.COM Mark is entitled to protection under Section 43(a) of the Lanham Act.

52.     Defendants'  actions constitute false designations of origin, which are likely to cause confusion, mistake or to deceive or have confused and deceived customers and prospective customers into believing that Defendants' services are affiliated, connected or associated with BookIt.com and/or the BOOKIT.COM Mark, or sponsored or approved by BookIt.com.

53.     Defendants' use of the infringing marks and domain names constitutes false designations of origin, which reflect adversely on Plaintiff because Plaintiff has no ability to control the quality of Defendants' services, and as the believed source of origin, BookIt.com's efforts to protect its outstanding reputation for high quality services will be hampered, resulting in the loss of sales to the irreparable harm of Plaintiff.

54.     The wrongful conduct of Defendants has damaged Plaintiff and Plaintiff has no adequate remedy at law.  Unless these acts are restrained and enjoined by this Court, Defendants will continue these acts of unfair competition, passing off and false designation of origin and the resulting damage to BookIt.com will be substantial, continuing and irreparable.

55.     Defendants' actions amount to "exceptional" conduct warranting imposition of an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a)(3).

## COUNT III

### CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)
### SECTION 43(d) OF THE LANHAM ACT

56.     Plaintiff BookIt.com restates Paragraphs 1 through 39 and further avers:

57.     Defendants' activities constitute cybersquatting in connection with goods and services distributed in interstate commerce in violation of § 43(d) of the Lanham Act, 15 U.S.C. Section 1125(d).

58.     Plaintiff's BOOKIT.COM Mark became famous and distinctive long prior to Defendants' registration of the domain names mentioned herein, including usabookit.com, resortbookit.com, and holidaybookit.com.

59.     Defendants have registered and used the domain names mentioned herein, including usabookit.com, resortbookit.com, and holidaybookit.com, among others, in connection with its travel websites in bad faith with an intent to profit from the use of Plaintiff's BOOKIT.COM Mark and goodwill.

60.     Defendants' domain names usabookit.com, resortbookit.com, and holidaybookit.com, among others, are identical to Plaintiff's domain name www.bookit.com in their use of the dominant term "BOOKIT.COM" and are confusingly similar in overall commercial impression to Plaintiff's distinctive domain name and service mark, BOOKIT.COM.

61.     Defendants' registration and use of the domain names usabookit.com, resortbookit.com, and holidaybookit.com, among others, has harmed the goodwill of Plaintiff's BOOKIT.COM Mark for Defendants' commercial gain and are likely to cause consumers mistakenly to believe that Defendants' goods and services are sponsored, approved or endorsed by Plaintiff or are otherwise affiliated with Plaintiff.

62.     The wrongful conduct of Defendants has damaged Plaintiff and Plaintiff has no adequate remedy at law.  Unless these acts are restrained and enjoined by this Court, Defendants will continue these acts of cybersquatting and the resulting damage to BookIt.com will be substantial, continuing and irreparable.

63.     Defendants' actions amount to "exceptional" conduct warranting imposition of an award of profits, treble damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a)(3).

## COUNT IV

## FLORIDA COMMON LAW UNFAIR COMPETITION

64.     Plaintiff BookIt.com restates Paragraphs 1 through 39 and further avers:

65.     This is a common law unfair competition claim for damages and injunctive relief.

66.     Plaintiff is the prior user of the BOOKIT.COM Mark.

67.     Plaintiff's BOOKIT.COM Mark is inherently distinctive and/or has acquired secondary meaning.

68.     Defendants are using confusingly similar marks, names, and domain names to identify similar services marketed by them in direct and unfair competition with Plaintiff in the same trade area where Plaintiff has established goodwill and prior rights.

69.     As a result of Defendants' actions, customer confusion is likely as to the source or sponsorship of Defendants' goods and services and the foregoing statements are made with the intent to deceive consumers.

70.     The wrongful conduct of Defendants has damaged Plaintiff and Plaintiff has no adequate remedy at law.  Unless these acts are restrained and enjoined by this Court, Defendants will continue these acts of unfair competition and false designation of origin and the resulting damage to BookIt.com will be substantial, continuing and irreparable.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

71.     Plaintiff BookIt.com restates Paragraphs 1 through 39 and further avers:

72.     Plaintiff possesses common law rights in the BOOKIT.COM Mark.  Plaintiff has expended large amounts of money, time and other resources to cause the general public to recognize its BOOKIT.COM mark and to favorably associate the BOOKIT.COM mark with the Plaintiff.

73.     As a result of extensive use and advertising, Plaintiff owns and enjoys common law trademark rights in the BOOKIT.COM Mark in connection with its services which are superior to any rights which Defendants may claim in the mark, the name of its business and any of the domain names in dispute.

74.     Defendants' use of the BOOKIT.COM Mark constitutes common law trademark infringement, as it is likely to cause confusion among the public as to the source of Defendants' services, or to cause mistake, or to deceive as to affiliation, connection, or association in that customers thereof will be likely to associate or have associated such services as originating with the Plaintiff, all to the detriment of the Plaintiff.

75.     Plaintiff has no adequate remedy at law and unless these acts are restrained and enjoined by this Court, Defendants will continue infringement of the BOOKIT.COM Mark and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A)     That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be permanently enjoined from:

(1)     Using Plaintiff's service mark, trade name, and domain name, or any variations thereof or any other designation similar to the BOOKIT.COM Mark;

(2)     Using any mark, symbol, name, or domain name that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff;

(3)     Unfairly competing with Plaintiff;

(4)     Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff; and

(5)     Registering any domain name that includes "bookit";

(B)     That judgment be entered against Defendants in the manner described below and the relief described below be granted to Plaintiff:

(1)     Plaintiff's damages and Defendants' profits pursuant to the Lanham Act for their infringement of Plaintiff's service mark, and the trebling of the same; and

(2)     Plaintiff's costs of this action and reasonable attorneys' fees;

(C)     Transfer to Plaintiff of Defendants' confusingly similar domain names and order directing the registrars thereof to effect the same;

(D)     That Defendants have infringed Plaintiff's service mark under federal law and have damaged Plaintiff's goodwill by the acts complained of herein;

(E)     That Defendants have unfairly competed with Plaintiff by the acts complained of herein in violation of federal law and that such acts constitute false designation of origin under 15 U.S.C. §1125(a);

(F)     That Defendants' acts constitute cybersquatting in violation of federal law;

(G)     That Defendants have infringed Plaintiff's service mark under Florida common law and have unfairly competed with Plaintiff by the acts complained of herein in violation of the common law of the State of Florida; and

(H)     That this Court grant to Plaintiff any further relief deemed just and proper.

Respectfully submitted,

_____

Thomas A. DiBacco, Vice President
of Business and Finance of
BookIt.com, Inc.


STATE OF FLORIDA     :
                     :ss

COUNTY OF BAY     :


BEFORE ME, the undersigned authority, this day personally appeared Thomas A.

DiBacco, Vice President of Business and Finance of BookIt.com, Inc., who, after being first duly

sworn, deposes and says that he has read the foregoing Verified Complaint, that he has

knowledge of the facts and matters therein set forth and alleged, and that each and all of the facts

and matters are true and correct.

SWORN TO AND SUBSCRIBED before me this ____4th____ day of November, 2010, by

Thomas A. DiBacco, who is personally known to me or has produced _____ as

identification.



CINDY D. ROACH
MY COMMISSION # DD 777373
EXPIRES: April 9, 2012
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC, STATE OF FLORIDA

Respectfully Submitted,

**AKERMAN SENTERFITT**

Dated: November 4, 2010

/s/ Peter A. Chiabotti
Peter A. Chiabotti, Esq.
Florida Bar No. 0602671
Jennifer P. Rabin, Esq.
Florida Bar No. 0965642
Christopher S. Duke
Florida Bar No. 0901740
222 Lakeview Avenue; Suite 400
West Palm Beach, Florida  33401-6147
Telephone:  561-653-5000
Facsimile:  561-659-6313
Email:  jennifer.rabin@akerman.com
Email:  peter.chiabotti@akerman.com
Email:  chris.duke@akerman.com
*Counsel for Plaintiff*